**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LISA REYES Case No.

Plaintiff

v.

BANK OF AMERICA, N.A.
__________________________________/

## BANK OF AMERICA, N.A.'S NOTICE OF REMOVAL

Defendant, BANK OF AMERICA, N.A. ("BANA" or "Defendant"), by and through undersigned counsel, hereby files this Notice of Removal in the above-captioned action which was timely removed from the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida, styled and numbered *Lisa G. Reyes v. Bank of America, N.A.*, Case No. 2026CA004224NC, to the United States District Court for the Middle District of Florida. As set forth more fully below, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1441, 1446 and 1332(a). Removal is based on diversity jurisdiction. In support of its Notice of Removal, Defendant states the following:

## I. STATE COURT ACTION

1. On or about August 7, 2026, Plaintiff, Lisa G. Reyes ("Plaintiff") commenced this action (the "State Court Action") against Defendant by filing a Complaint with the Clerk of the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida (the "State Court"). The State Court Action is assigned Case No. 2026CA004224NC. Defendant was served with the Complaint on September 22, 2026.

2. The Complaint raises claims for negligence, breach of depositor agreement, and breach of implied covenant of good faith and fair dealing. *See generally* Compl., attached hereto as **Exhibit "A."**

## II. MEMORANDUM OF LAW IN SUPPORT OF REMOVAL

### a. Removal is Timely Pursuant to 28 U.S.C. § 1446(b).

3. A litigant's notice of removal generally must be filed within thirty days after receiving the initial pleading or service of summons in the state court action. 28 U.S.C. § 1446(b). However, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* A case may not be removed on the basis of diversity jurisdiction more than one year after the action commenced. *Id.* Removal is timely here as Defendant was served on September 22, 2026.

### b. Removal is Proper as the Parties Have Complete Diversity of Citizenship.

4. The parties in this matter are citizens of different states as set forth in 28 U.S.C. §§ 1332(a)(1) and 1332(c)(1).

5. BANA is a national banking association and, pursuant to the Articles of Association, the main office of the association is located in North Carolina; therefore, it is a citizen of North Carolina. *See* 28 U.S.C. § 1348; *see also Thomason v. Deutsche Bank Nat'l Tr. Co.*, No. 21-11639, 2022 WL 4296926, at *4 (11th Cir. Sept. 19, 2022) (citing *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006)) (stating "[n]ational banking associations are deemed citizens of the States in which they are 'respectively located'" and "a national bank is 'respectively located' in the State in which its main office is located, as st forth in its articles of association.").

6. Plaintiff is a resident of the State of Michigan. *See* Compl. at ¶ 1.

7. The Amount in Controversy Exceeds $75,000.00. Plaintiff alleges that she has suffered damages in the amount of $180,000. *See generally*, Compl.


**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

## III. VENUE IS PROPER IN THIS COURT

8. The United States District Court for the Middle District of Florida is the federal judicial district encompassing the Twelfth Judicial Circuit Court in and for Sarasota County, Florida. Accordingly, venue is proper in this Court pursuant to 28 U.S.C. § 1446(a).

## IV. PREREQUISITES FOR REMOVAL HAVE BEEN MET

9. A case becomes removable when three conditions are present: "there must be (1) an amended pleading, motion, order or other paper, which (2) the defendant must have ***received*** from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can first ascertain that federal jurisdiction exists." *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213 n.63 (11th Cir. 2007) (internal citations omitted) (emphasis added)). Defendant has satisfied the procedural requirements for removal.

10. <u>Removal is Timely</u>. Defendant timely removed this action under 28 U.S.C. § 1446(b) because Defendant is filing the Notice of Removal within thirty (30) days of receipt of the paper from which it may be first ascertained that the case is one which is or has become removable.

11. <u>Removal to Proper Court</u>. This Court is the proper division because it embraces the Circuit Court of the Twelfth Judicial Circuit Court in and for Sarasota County, Florida, in which the Plaintiff's action is pending. *See* 28 U.S.C. §§ 1441 and 1446(a).

12. <u>Pleadings and Process</u>. Attached hereto as **Composite Exhibit "B"** are copies of all process, pleadings, and orders served upon Defendant in the State Court Action and an online docket listing all State Court filings. *See* 28 U.S.C. § 1446(a).

13. <u>Notice</u>. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff, and a copy is being filed with the State Court Clerk. A copy of the State Court Notice of Filing of Notice of Removal, without its exhibits is attached hereto as **Exhibit "C."**

14. Signature. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11. *See* 28 U.S.C. § 1446(a).

**V. RESERVATION OF RIGHTS/OBJECTIONS**

15. This Notice of Removal does not waive any objections Defendant may have regarding defects in process or service of process, jurisdiction, venue or any other defense.

16. Defendant expressly reserves the right to state additional grounds for removal and to provide such additional evidence as may be required to support the grounds asserted in this Notice of Removal.

17. If questions arise as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to file a brief or further evidence and to make an oral argument in support of removal.

WHEREFORE, Defendant, BANK OF AMERICA, N.A., files this Notice of Removal to remove this action from the Circuit Court of the Twelfth Judicial Circuit Court in and for Sarasota County, Florida to the United States District Court for the Middle District of Florida.

Respectfully submitted,

*/s/ Marc T. Parrino*

MARC T. PARRINO
Florida Bar No. 18197
Email: mtp@lgplaw.com
SAHILY SERRADET
Florida Bar No. 77620
Email: ss@lgplaw.com
*Attorneys for Bank of America, N.A.*
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Telephone: (305) 379-0400
Fax: (305) 379-9626

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of October, 2026, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Marc T. Parrino*
MARC T. PARRINO


**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400