UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LISA G. REYES,

Plaintiff,

v. Case No. 8:26-cv-3047-VMC-SPF

BANK OF AMERICA, N.A.,

Defendant.
_______________________________/

**ORDER**

This matter is before the Court on consideration of Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiff's Complaint (Doc. # 6), filed on October 14, 2026. Plaintiff Lisa G. Reyes responded on November 4, 2026. (Doc. # 11). The Motion is granted in part and denied in part.

## I. Background

In this action, Ms. Reyes asserts three claims against Bank of America: negligence (Count I); breach of depositor agreement (Count II); and breach of the implied covenant of good faith and fair dealing (Count III). (Doc. # 1-1). Ms. Reyes faults Bank of America "for not properly evaluating and scrutinizing its transfer of all of the funds out of a joint account of [Ms. Reyes] and her 99-year-old mother who could not walk, see or hear well." (Id. at 1).

Ms. Reyes and Jill Reyes, Ms. Reyes' mother, were joint owners of a savings account with Bank of America. (Id. at 1-2). Ms. Reyes was the Payable-on-Death ("POD") beneficiary of this account. (Id. at 2). "David Reyes is the other biological child of Jill Reyes; he is not a party to this case." (Id. at 1). In September 2024, Mr. Reyes brought the elderly Jill Reyes to a Bank of America branch for Jill Reyes to conduct some transactions. (Id. at 3). "The transactions at issue removed [Ms. Reyes] as a joint owner of the savings account, closed the account, transferred the funds of approximately $180,000 into a newly created savings account, and designated [her] brother, David Reyes, as the sole [POD] beneficiary." (Id.). Upon Jill Reyes' death, the account funds were distributed to Mr. Reyes. (Id.).

Ms. Reyes alleges that Bank of America should not have processed these transactions. According to the complaint, "[m]ultiple objective indicators of potential vulnerability and financial exploitation were present and [] the transactions on that day were not routine account maintenance but involved multiple simultaneous changes affecting ownership and disposition of substantial financial assets." (Id. at 4). The complaint highlights "red flags" Ms. Reyes believes Bank of America should have considered, including

her mother’s age, limited mobility, and significant visual and hearing impairments. (Id.). Additionally, “Jill Reyes was dependent on a third party and was accompanied to the bank by her son, David Reyes who was present throughout the transaction” and “who ultimately benefited from the Payable-on-Death designation.” (Id.). “These observable circumstances warranted additional inquiry before processing the requested [transactions] and these indicators, considered individually and collectively, would reasonably warrant heightened scrutiny by a financial institution exercising ordinary care under similar circumstances.” (Id. at 4-5). “As a direct result of these transactions, [Ms. Reyes] alleges that Jill Reyes’ longstanding estate plan was defeated with respect to these funds and [Ms. Reyes] lost the inheritance that otherwise would have been distributed equally under Jill Reyes’ estate plan.” (Id. at 6).

Bank of America removed the case to this Court on October 7, 2026. (Doc. # 1). Now, Bank of America moves to dismiss the complaint. (Doc. # 6). Ms. Reyes has responded (Doc. # 11), and the Motion is ripe for review.

## II. Legal Standard

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court accepts as true all the

allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004), abrogated on other grounds by Twombly, 550 U.S. 544.

## III. Analysis

### A. Negligence

First, Bank of America moves to dismiss Count I for negligence. (Doc. # 6 at 3). According to Bank of America, this claim is barred by the independent tort doctrine. (Id. at 3-4). Additionally, Bank of America argues that Ms. Reyes has not alleged a valid duty. (Id. at 4-5).

The Court agrees with Bank of America that this claim fails to plausibly allege a duty to undertake the precautions Ms. Reyes believes were required.

"To state a claim for negligence under Florida law, [Ms. Reyes] was required to [allege] four elements: (1) a duty requiring [Bank of America] to conform to a certain standard of conduct; (2) a breach of that duty by [Bank of America]; (3) a causal connection between the breach and an injury to [Ms. Reyes]; and (4) loss or damage to [Ms. Reyes]." Arberman v. PNC Bank, Nat'l Ass'n, No. 23-10182, 2023 WL 3910573, at *3 (11th Cir. June 9, 2023). "Florida law recognizes four sources of duties of care: statutes and regulations, judicial interpretations of legislation, judicial decisions, and duties arising from the facts of a particular case." Id. (citation omitted). "The general rule is that a bank has a duty to use ordinary care in all of its dealings." Megaval

Enters., Ltd. v. Bank of Am., N.A., No. 14-20909-CIV, 2014 WL 12609318, at *4 (S.D. Fla. Oct. 8, 2014).

According to the complaint, Bank of America breached the "duty to act as a reasonably prudent [bank] would act under the circumstances." (Doc. # 1-1 at 7). The complaint alleges a "bank acting in a reasonabl[y] prudent manner" would:

> a. privately interview Jill Reyes outside the presence of David Reyes;
>
> b. determine whether Jill Reyes understood the removal of [Ms. Reyes] as a joint owner;
>
> c. determine whether Jill Reyes understood the closure of the existing account;
>
> d. determine whether Jill Reyes understood the creation of a replacement account;
>
> e. determine whether Jill Reyes understood the legal effect of naming David Reyes as the sole Payable-on-Death beneficiary.
>
> f. reasonably assess whether Jill Reyes' hearing and vision impairments interfered with her ability to understand the transaction documents.
>
> g. reasonably assess whether Jill Reyes was acting voluntarily and free from coercion or undue influence.
>
> h. elevate the transaction for supervisory review despite the presence of multiple objective indicators of vulnerability; and
>
> i. implement reasonable safeguards that a prudent financial institution would employ under similar circumstances.

(Id. at 7-8).

In essence, Ms. Reyes alleges that Bank of America should have investigated Jill Reyes' intended transactions before completing those transactions. But "Florida law does not require banking institutions to investigate transactions." Lawrence v. Bank of Am., N.A., 455 F. App'x 904, 907 (11th Cir. 2012). Ms. Reyes has not plausibly alleged that Bank of America owed her a duty of care to investigate Jill Reyes' transactions for the shared account.

True, a "bank's responsibility to a depositor may be somewhat heightened when the bank has knowledge that a particular individual ostensibly representing the depositor instead intends to cause financial injury to the depositor." O'Halloran v. First Union Nat'l Bank of Fla., 350 F.3d 1197, 1205 (11th Cir. 2003). The complaint, however, does not sufficiently allege knowledge that Mr. Reyes intended to cause financial injury to Jill Reyes or Ms. Reyes. Mr. Reyes did not go to the bank alone purporting to act as Jill Reyes' representative. Rather, he accompanied his mother, the account holder, and assisted in the transactions, which would benefit him upon Jill Reyes' death. Assuming that Jill Reyes was a vulnerable adult and Mr. Reyes occupied a position of trust and confidence, Bank of America under the circumstances as pled did not have reasonable cause to suspect Mr. Reyes

was exploiting Jill Reyes. See Fla. Stat. § 415.1034(a) (mandating that a bank "who knows, or has reasonable cause to suspect, that a vulnerable adult has been or is being abused, neglected, or exploited must immediately report such knowledge or suspicion to the central abuse hotline").

Ms. Reyes has in essence alleged that Bank of America should have been more suspicious and investigated. The Eleventh Circuit has ruled, however, that the "suspicions of one employee without any knowledge of a fraudulent scheme" are insufficient to establish the duty to monitor the customer's transactions. Arberman, 2023 WL 3910573, at *5 (affirming dismissal of negligence claim against bank related to fraudulent transactions for a seventy-one-year-old's account where "all of the transactions, even the unordinary ones, were initiated by Arberman herself, not an unauthorized user"). Thus, Ms. Reyes has not plausibly pled a duty owed to her that Bank of America breached.

Count I is dismissed. However, the Court does not agree with Bank of America that amendment would be futile. The Court grants Ms. Reyes an opportunity to amend this claim. Because the claim is dismissed on other grounds, the Court need not address the independent tort doctrine at this time.

**B. Breach of Depositor Agreement and Breach of Implied Covenant of Good Faith and Fair Dealing**

Bank of America also moves to dismiss Counts II and III, for breach of the depositor agreement and breach of the implied covenant of good faith and fair dealing. (Doc. # 6 at 6).

As to the breach of the depositor agreement, Bank of America complains that Ms. Reyes "does not allege which provision of the contract that [she] believes [Bank of America] breached." (Id.). "Based on this deficiency, the Court should dismiss [Ms. Reyes'] breach of contract claim without prejudice and require [Ms. Reyes] to identify the specific provisions of the contract that were allegedly breached." (Id.).

Bank of America is incorrect regarding the requirements for pleading a breach of contract. The Eleventh Circuit has "disagree[d] that federal law imposes this kind of heightened pleading obligation" to identify the contract provision allegedly breached "on a breach of contract plaintiff." Caterpillar Fin. Servs. Corp. v. Venequip Mach. Sales Corp., 147 F.4th 1341, 1348 (11th Cir. 2025). "[A] breach of contract plaintiff must . . . make a plausible allegation that the

defendant did not perform as promised. It need not allege anything with particularity." Id.

Regardless, the complaint does identify a contract provision that was allegedly breached. The complaint alleges within Count II that Bank of America breached the term of the depositor agreement in which Bank of America promised to exercise "ordinary care." (Doc. # 1-3 at 10); see also (Id. at 43) (depositor agreement stating Bank of America is "responsible for exercising ordinary care"). The Motion is therefore denied as to the breach of depositor agreement claim.

Bank of America's argument as to the breach of the implied covenant claim also fails. Bank of America again argues that Ms. Reyes has failed to identify an express term of the contract breached by Bank of America. (Doc. # 6 at 7-8).

"Florida courts recognize an implied covenant of good faith and fair dealing in every contract." Shibata v. Lim, 133 F. Supp. 2d 1311, 1318 (M.D. Fla. 2000) (citations omitted); see also Sepe v. City of Safety Harbor, 761 So. 2d 1182, 1184 (Fla. 2d DCA 2000) (observing that the implied covenant of good faith and fair dealing exists in agreements governed by the Florida Uniform Commercial Code). However,

"[t]he duty of good faith must 'relate to the performance of an express term of the contract and is not an abstract and independent term of a contract which may be asserted as a source of breach when all other terms have been performed pursuant to the contract requirements.'" ACG S. Ins. Agency, LLC v. Safeco Ins. Co., No. 8:19-cv-528-CEH-AAS, 2019 WL 8273657, at *8 (M.D. Fla. Dec. 16, 2019) (quoting Resnick v. AvMed, Inc., 693 F.3d 1317, 1329 (11th Cir. 2012)). As the Eleventh Circuit has recently reiterated, "under Florida law, a claimant's failure to identify an express contractual provision that has been breached 'dooms' the breach of implied covenant claim." Lewis v. JPMorgan Chase Bank, N.A., No. 25-13914, 2026 WL 2432257, at *2 (11th Cir. Aug. 19, 2026) (quoting Burger King Corp. v. Weaver, 169 F.3d 1310, 1318 (11th Cir. 1999)).

Here, the complaint sufficiently identifies express contractual provisions that have allegedly been breached. Count III of the complaint identifies the contract's requirement that Bank of America exercise "basic care and precautions." (Doc. # 1-3 at 11). The complaint also alleges that a bank "exercising ordinary care under similar circumstances" would have given heightened scrutiny to the transactions. (Id. at 5). These allegations sufficiently

reference the depositor agreement's provision that Bank of America is "responsible for exercising ordinary care and complying with this Agreement." (Id. at 43). Furthermore, Count III incorporates the allegation that "Bank of America had the ability to delay or escalate the transactions for additional review but nevertheless completed them during the single September 11, 2024, visit." (Id. at 5). And, indeed, the depositor agreement allows Bank of America, in its "sole discretion," to "delay, decline, cancel or reverse" transactions when it "reasonably believe[s]" the account may be subject to "irregular, unauthorized, fraudulent or illegal activity." (Id. at 43). Thus, the complaint has identified express provisions of the depositor agreement that Bank of America allegedly breached.

The Motion is denied as to Counts II and III.

Accordingly, it is hereby

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiff's Complaint (Doc. # 6) is **GRANTED** in part and **DENIED** in part as set forth herein.

(2) If Plaintiff wishes to amend, she must file an amended complaint within 14 days of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 10th day of November, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE